IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PIANTONI GOREA, | : | CIVIL ACTION NO. **4:CV-06-0804** |
| | : | |
| Petitioner | : | (Judge Muir) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JOHN ASHCROFT, et al., | : | |
| | : | |
| Respondents | : | |

...........................................................................................................................................................

| | | |
|---|---|---|
| PIANTONI GOREA, | : | CIVIL ACTION NO. **4:CV-06-0625** |
| | : | |
| Petitioner | : | (Judge Muir) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES DISTRICT COURT | : | |
| FOR THE DISTRICT OF CALIFORNIA, | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

### I. Background.

On April 18, 2006, the Petitioner, Piantoni Gorea, an inmate at the York County Prison ("YCP") at York, Pennsylvania, filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, Civil No. 06-0804). Petitioner filed an application for leave to proceed *in forma pauperis*. (Doc. 3).

On March 27, 2006, another Petition for Writ of Habeas Corpus filed by Petitioner Gorea on March 6, 2006, was transferred to this Court from the United States District Court for the Central District of California, Civil No. 06-0625, M.D. Pa., since Petitioner was confined at YCP, which is

located in the Middle District of Pennsylvania.

The Court has not yet directed Respondents[1] to respond to these Petitions. We now give preliminary consideration to the Petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[2] We find that jurisdiction of the instant habeas petitions lies with the Third Circuit in light of the Real ID Act of 2005.[3]

In case number 06-0624, Petitioner states that he is "contesting the charges of deportability brought against him by Immigration and Custom Enforcement (ICE)." (Doc. 1, p. 1). Petitioner also states that the Board of Immigration Appeals ("BIA") committed legal error when it found him deportable. (Doc. 1, p. 1). As relief in case number 06-0804, Petitioner requests this Court overturn the Immigration Court's denial of his application for deferral of removal under CAT.

---

[1]In case number 06-0804, Petitioner incorrectly names the former Attorney General, John Ashcroft, as a Respondent. He also incorrectly names James Ziglar, INS Commissioner, as a Respondent. Neither of the named Respondents has custody of Petitioner. *See* 28 U.S.C. § 2242. In Civil Action No. 06-0624, as the California District Court noted, Petitioner also names the wrong Respondent.

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[3]Petitioner also made a Motion to Stay his Removal while the Court determines if the Immigration Judge erroneously denied him relief under CAT. (Doc. 1, Civil No. 06-0804). However, since we shall recommend that this case be consolidated and that it be dismissed for lack of jurisdiction, we do not recommend that Petitioner's Stay Request be granted by this Court.

In his 06-0625 Habeas Petition, Petitioner contends that ICE did not meet its burden of establishing that he was removable due to a criminal conviction because it did not prove he committed any offense. (*Id.*, p. 3). As relief in his 06-0625 Petition, Petitioner requests the Court to remand his removal proceedings back to ICE and the BIA, and that they be required to properly prove his deportability. (*Id.*).

In both Petitioner's case number 06-0804, in which Petitioner challenges the denial of his request for relief under CAT, and Petitioner's case number 06-0624, in which Petitioner only challenges his Removal Order, he does not claim that his continued detention by ICE at YCP violates his rights. Thus, we shall recommend that Petitioner's case number 06-0625 be consolidated with his case number 06-0804, and that the consolidated case be dismissed for lack of jurisdiction.

We find that Petitioner, in case number 06-0625, is challenging his Removal Order since he claims ICE failed to prove he committed any criminal offense which would render him removable, and in case number 060804, is challenging the denial of his application for deferral of removal under the Convention Against Torture ("CAT"). (Doc. 1, No. 06-0804). We do not find that Petitioner, in either case number 06-0804 or case number 06-0625 is claiming that his current detention by ICE at YCP is illegal or unconstitutional. Thus, we find that Petitioner's Petitions should be consolidated and dismissed for lack of jurisdiction. Therefore, we shall recommend that Petitioner's consolidated Habeas Petition be dismissed.

We find that Petitioner's Habeas Petitions, which petitions only challenge his removal order and the denial of his request for deferral of removal under CAT, should be made to the Third

3

Circuit Court of Appeals pursuant to the Real ID Act of 2005, Pub. L. No. 109-13.[4]  We find that since Petitioner is only claiming that the Immigration Court did not properly analyze his criminal conviction which was the basis for finding him removable (case number 06-0625), and his eligibility for deferral of removal under CAT (case number 06-0804, and since he requests this Court to reverse his Removal Order and declare the IJ's decision denying his application for deferral of removal under CAT as in violation of CAT (Doc. 1, p. 5, No. 06-0804),  the instant Petitions challenging the Removal Order and the IJ's October 31, 2005 Order should be consolidated and dismissed for lack of jurisdiction.[5]  Since Petitioner is challenging the IJ's October 31, 2005 Order which, as noted, was issued in York, Pennsylvania, he should have filed his challenge to this IJ's Order with the Third Circuit Court of Appeals.  Because this Court no longer has jurisdiction to hear a habeas petition, or portions thereof, which challenges a final order of removal, we shall recommend that Petitioner's Habeas Petition be dismissed.[6]

---

[4]Petitioner's October 31, 2005 Order of the Immigration Judge ("IJ") denying his request for asylum, withholding of removal and deferral of removal under CAT, attached as an exhibit to his Argument and Factual Allegation filing Doc. 2, case no. 06-0804, indicates that it was issued in York Pennsylvania.  Thus, Petitioner's challenge to this Order of the IJ should be filed with the Third Circuit Court of Appeals.

[5]Indeed, Petitioner attaches to his filing, Doc. 2, No. 06-0804, a copy of a Ninth Circuit Court of Appeals Special Notice dated June 2, 2005, suggesting procedures, under the Real ID Act, to transfer cases challenging removal orders to the Appeals Court.  Petitioner also inexplicably writes that his petition in Case No. 06-0804 is filed in the Central District of California.  Doc. 1.

[6]Since Petitioner filed his Habeas Petition after May 11, 2005, the effective date of the Real ID Act, we can no longer recommend that this Petition be transferred to the Third Circuit Court of Appeals.

**II. Claims of Habeas Petition.**

In case number 06-0804, Petitioner indicates that he is a native and citizen of Romania who entered the United States in 1992 as a political asylum refugee. He claims that if he is removed from the United States to Romania, based on his political refugee status and his criminal record, he will be taken into custody by Romanian Intelligence, and detained indefinitely and possibly tortured. Petitioner challenges the IJ's denial of his application for political asylum and for his request for deferral of removal under CAT. Petitioner also challenges a decision of the BIA which found that the detainment by Romanian Intelligence of returning refugees with criminal records constitutes a lawful sanction. (Doc. 1, p. 2, case no. 06-0804). Petitioner claims that he is eligible for asylum and deferral of removal under CAT and that the Immigration Court erred in denying his stated applications and in ordering his removal. (*Id.*, pp. 2-4). Therefore, Petitioner requests that his removal order be reversed and that the IJ's decision denying his application for deferral of removal under CAT be reversed. (*Id.*, p. 5).

As stated, in Case No. 06-0625, Petitioner claims that ICE failed to establish he was convicted of a criminal offense as was necessary to prove that he is removable. He requests this Court to remand his case to ICE or the BIA to require ICE to prove that he is removable.

Petitioner's exhibit in Case No. 06-0804 shows that on October 31, 2005, an IJ denied Petitioner's request for asylum, his request for withholding of removal, and his request for deferral of removal under CAT. (Doc. 2, No. 06-0804). In his Habeas Petition number 06-0804, Petitioner requests this Court to overturn this decision of the IJ. Petitioner also requests, as noted, that a stay

of his removal be ordered by this Court until his claim that he is entitled to CAT relief is reviewed by the Court. (Doc. 1, p. 5, No. 06-0804).[7]

Petitioner indicates that his removal from the United States to Romania has been ordered, and that he appealed the Removal Order to the Board of Immigration Appeals ("BIA"). (Doc. 1, p. 2, No. 06-0804). In case number 06-0624, Petitioner claims that ICE failed to prove that he was convicted of a crime and, thus, that he was removable. In case number 06-0804, Petitioner claims that the IJ erred in the decision dated October 31, 2005, by finding that he was not eligible for asylum or deferral or withholding of removal under CAT. As relief, Petitioner requests this Court to reverse the IJ's October 31, 2005 Order. (Doc. 1, p. 5, No. 06-0804). Petitioner does not challenge his detention by ICE pending his removal as unconstitutional in either of his Habeas Petitions.

As mentioned, the Petitioner's Petition in No. 06-0804 only challenges the IJ's October 31, 2005 Order denying his requests for asylum or deferral of removal. Petitioner filed both of his Habeas Petitions after the effective date of the Real ID Act, and requests that this Court reverse his Removal Order and the IJ's Order denying his request for CAT relief. In Case No. 06-0625, Petitioner claims that his Removal Order is erroneous since ICE failed to establish he was convicted of a crime, and thus failed to prove he was removable. Accordingly, at the time the present Habeas Petitions were filed, this Court no longer had jurisdiction to review the Immigration Court's final Order of Removal and the IJ's order denying Petitioner relief under CAT.

---

[7]Since we recommend that this Habeas Petition be dismissed for lack of jurisdiction, we also recommend that Petitioner submit his stay request to the Court of Appeals.

Petitioner states that he is challenging the Immigration Court's Orders and argues that the decisions ordering his removal, denying his request for asylum, and deferral of removal were erroneous and in violation of CAT.[8]  (Doc. 1, No. 06-0624, and Doc. 1, pp. 3-4, No. 06-0804).  The Petitioner, in both cases, only challenges his Removal Order and the IJ's decision denying his stated requests for relief from the order to remove him.

## III.  Discussion.

Insofar as Petitioner challenges his removal order, claiming that ICE failed to prove that he was removable, and challenges the IJ's order denying his requests for asylum, withholding of removal and deferral of removal under CAT, we find that the present Habeas Petitions should be consolidated, and then dismissed for lack of jurisdiction.  Since Petitioner contends only that his removal order was erroneous and that the IJ's October 31, 2005 Order violated CAT, this Court no longer has jurisdiction over these claims under the Real ID Act of 2005.

This Court in *Soyemi v. Chertoff*, No. 05-mc-145, p. 2 (M.D. Pa.), (May 26, 2005 Order, J. McClure), stated as follows:

> On May 11, 2005, the Real ID Act was signed into law.  Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief 2005, Real ID Act of 2005, Pub.L.No. 109-13 (May 11, 2005) ("Real ID Act").  Section 106 of the Real ID Act amends section 242 of the Immigration and Nationality Act (INA) so as to strip this court of jurisdiction to hear habeas corpus petitions that challenge final orders of removal.  Real ID Act, § 106(a)(1) (adding INA § 242(a)(5) (to be codified at 8 U.S.C. § 1252(a)(5)).

---

[8] As mentioned, Petitioner makes no claim that his continued detention by ICE violates *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001).

The proper venue for a petition for review is the court of
appeals for the judicial circuit in which the immigration judge
completed the petitioner's proceedings.  8 U.S.C. § 1252(b)(2).

As stated, since the IJ in our Petitioner's case signed the Removal Order and Order denying

Petitioner's requests for relief from removal in October 2005, and since Petitioner filed these

actions after May 11, 2005, Petitioner should have filed his claims *via* a petition for review with the

Third Circuit, and this Court should consolidate Petitioner's cases and dismiss the consolidated

Petition.

The *Soyemi* Court concluded that "[b]ecause we no longer have jurisdiction to hear habeas

corpus petitions challenging final orders of removal we transfer this case to the United States Court

of Appeals for the Third Circuit."  *Id*., p. 1.  Thus, pursuant to the Real ID Act, this Court should

consolidate Petitioner's cases and dismiss our Petitioner's consolidated Habeas Petition, which

solely challenges his final order of removal and the IJ's Order denying his requests for asylum and

deferral of removal under CAT, for lack of jurisdiction.  (Doc. 1, p. 5).[9]

The Third Circuit in *Bonhometre v. Gonzales*, 414 F.3d 442, 445-446 (3d Cir. 2005), stated

as follows:

Congress amended section 1252 of Title 8 of the United States Code
via the Real ID Act of 2005, Pub.L. 109-13, 119 Stat. 231 ("Real ID Act").
Under the new judicial review regime imposed by the Real ID Act,
a petition for review is now the sole and exclusive means of judicial
review for all orders of removal except those issued pursuant to
8 U.S.C. § 1225(b)(1).  *See* 8 U.S.C. § 1252(a)(5)(1999 & Supp.2005).

---

[9]We note that the Real ID Act also provides that "a petition for review filed with an
appropriate court of appeals . . .  shall be the sole and exclusive means for judicial review of an
order of removal entered or issued under any provision of this Act. . . ."  Real ID Act § 106(a)(1)
(adding INA § 242(a)(5)) (to be codified at 8 U.S.C. § 1252(a)(5)).

Our jurisdiction was also enlarged, as we now have the authority to consider constitutional claims or questions of law raised in a criminal alien's petition for review.  8 U.S.C. § 1252(a)(2)(D)(2005); *see Papageorgiou v. Gonzales*, 413 F.3d 356, 358, 2005 WL 1490454, * 2 (3d Cir. Jun.24, 2005) (noting that, while the Real ID Act permits judicial review of constitutional claims or questions of law raised by criminal alines, this Court's jurisdiction remains nonetheless subject to the unamended jurisdictional limitations of 8 U.S.C. § 1252). Moreover, all habeas corpus petitions brought by aliens [FN4] that were pending in the district courts on the date the Real ID Act became effective (May 11, 2005) are to be converted to petitions for review and transferred to the appropriate courts of appeals. *See* Real ID Act, Pub.L. 109-13, Div. B, Title I, § 1016(c).  These modifications effectively limit all aliens to one bite of the apple with regard to challenging an order of removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review).  *See* H.R. Conf. Rep. No. 109-72, at 173-75 (2005).

> FN4.  This provision applies only to aliens who are challenging an order of removal via habeas corpus.  An alien challenging the legality of his *detention* still may petition for habeas corpus.  *See* H.R. Conf. Rep. No. 109-72, at 175 (2005).

In *Kamara v. Attorney General*, 420 F.3d 202, 209 (3d Cir. 2005), the Court stated as follows regarding claims under CAT:

> Until May 11 of this year, an alien convicted of an aggravated felony and removable on such grounds was statutorily barred from filing a petition for review in the court of appeals challenging the BIA's finding that s/he was ineligible for relief under the CAT.  *See* 8 U.S.C. § 1252(a)(2)(C); *see also Bakhtriger v. Elwood*, 360 F.3d 414, 420 (3d Cir. 2004); *Patel v. Ashcroft*, 294 F.3d 465, 468 (3d Cir. 2002).  We held in *Ogbudimkpa*, however, that a district court retains jurisdiction to consider claims alleging violations of the CAT raised in a habeas corpus petition. 342 F.3d at 222; *see also* 28 U.S.C. § 2241.  This jurisdictional framework was radically overhauled on May 11, 2005, with the passage of the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231.  The provision relevant to this appeal, Section 106(a) of the Act, amends 8 U.S.C. § 1252(a)(2)

9

to eliminate the district court's habeas corpus jurisdiction
(28 U.S.C. §§ 2241, 1361, and 1651) over final orders of removal
in nearly all cases. [FN4].  Section 106(a)(1)(B) provides that:

> FN4. 8 U.S.C. § 1252(e) allows for very limited habeas
> review in expedited removal cases brought under 8 U.S.C.
> § 1225(b).

> Notwithstanding any other provision of law (statutory or nonstatutory),
> including section 2241 of Title 28, or any other habeas corpus
> provision, and section 1361 and 1651 of such title, a petition for
> review filed with an appropriate court of appeals in accordance with
> this section shall be the sole and exclusive means for judicial
> review of any cause or claim under the United Nations Convention
> Against Torture and Other Forms of Cruel, Inhuman, or Degrading
> Treatment or Punishment, except as provided in subsection (e) of this
> section.  REAL ID Act § 106(a)(1)(B); 8 U.S.C. § 1252(a)(4).  Section
> 106(a)(1)(A)(iii) of the Act, however, amends 8 U.S.C. § 1252 by
> adding a new provision, § 1252(a)(2)(D), which states that: Nothing
> in subparagraph (B) or (C), or in any other provision of this Act
> (other than this section) which limits or eliminates judicial review,
> shall be construed as precluding review of constitutional claims or
> questions of law raised upon a petition for review filed with an
> appropriate court of appeals in accordance with this section.
> 8 U.S.C. § 1252(a)(2)(D).

In *Toure v. Attorney General of U.S.*, 2006 WL 861187 (3d Cir. 2006), the Appeals Court

considered petitioner's petition for review of a final order of the BIA which affirmed the IJ's denial

of his application for asylum, withholding of removal and relief under CAT.

Accordingly, Petitioner Gorea must file a petition for review with the Third Circuit regarding

his present challenges to his Removal Order as well as the IJ's Order denying his requests for

asylum, withholding of removal, and relief under CAT.

**IV.  Recommendation.**

Based on the foregoing, we respectfully recommend that pursuant to the Real ID Act, this Court should consolidate Case Number 06-0804 and Case No. 06-0625, and then dismiss Petitioner's consolidated Habeas Petition, which challenges his final Order of Removal and the IJ's Order denying his requests for asylum and deferral of removal under CAT, since this Court lacks jurisdiction over such claims.

<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 25, 2006**

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PIANTONI GOREA, | : | CIVIL ACTION NO. **4:CV-06-0804** |
| | : | |
| Petitioner | : | (Judge Muir) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JOHN ASHCROFT, et al., | : | |
| | : | |
| Respondents | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **April 25, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 25, 2006**